IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PAUL RAY JACKSON, PRO SE, § <br> also known as PAUL R. JACKSON, § <br> also known as JAMES JOHNSON, § <br> TDCJ-CID No. 614451, § <br> Previous TDCJ-CID No. 432157, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> M. MAES, D. INGLE, and J. WHEAT, § <br> § <br> Defendants. § | 2:09-CV-0207 |

**REPORT AND RECOMMENDATION**

Plaintiff PAUL RAY JACKSON, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted leave to proceed *in forma pauperis*.

Plaintiff claims the defendants destroyed certain personal property of his that was missing after he arrived at his unit of assignment following a transfer from the Clements Unit. Such property consists of a radio, family pictures, tennis shoes, freeworld eyeglasses, legal work, and wrist supports.

Plaintiff requests the Court "to file a Tort claim on the following officers for destroying [plaintiff's] personal property D. Ingle Co IV."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff alleges the following time line of events:

10-17-08    Defendant MAES, the Security Threat Group Sergeant, seized all plaintiff's personal property, including his freeworld eyeglasses, tennis shoes, and medical issue wrist supports.

10-21-08    Plaintiff was moved to a restriction pod.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

10-26-08    A major shakedown was conducted during which plaintiff's radio, headphones, antenna, and a pair of gym shorts were confiscated.  Plaintiff's radio was confiscated because plaintiff was on a restriction pod where no electrical equip is allowed; the antenna, because the tips had been pulled off.

10-28-08    Plaintiff received disciplinary hearing on a charge written by defendant MAES.  Plaintiff was told he would get his personal property back when he got off property restriction.

11-6-08     Plaintiff was told to pack for transfer and packed the personal property he has, *i.e.*, family pictures, legal work, books, magazines, and the property he was allowed while on property restriction.  Defendant WHEAT picked up plaintiff's property bag the night before plaintiff's transfer.

11-7-08     Plaintiff was transferred off the Clements Unit and, before leaving, watched his property being re-packed but saw it did not include his family pictures or some of his legal work.  He complained and asked where that property was.  The desk officer checked the I.D. tags on the other inmates' property bags to ensure there wasn't a mix-up in the property bags but plaintiff does not say he found any mix-up and he appears to have left the Clements Unit without his family pictures and his recent legal work.

11-7-08 to
11-10-08    Plaintiff was at the transfer unit in Abilene where his property was placed in the property room until his departure on the 10th.

1-12-09     Plaintiff received a shipment of his property from Clements but refused to sign the inventory because some of it was still missing.

2-12-09     Plaintiff received a second shipment of property from Clements consisting of his property which was taken because he was on property restriction.  Plaintiff did not receive his radio, family pictures, tennis shoes, freeworld eyeglasses, and some legal work.

3-12-09     Plaintiff received a grievance response informing him his headphones were confiscated because they had been altered and that he had received and signed for his tennis shoes on 11-10-08 and his eyeglasses on 1-12-09.  Plaintiff says the shoes he received were his medical boots, not tennis shoes and the glasses were state issued, not his freeworld glasses.

4-21-09     Plaintiff received a grievance response informing him defendant INGLE had stated his pictures were placed in an envelope and placed in the box with the rest of his property when shipped in the 2-12-09 shipment of his property.

3

The Court notes plaintiff does not accurately report the step 2 grievance response he received on April 21, 2009, attached to plaintiff's complaint as grievance no. 2009063444.  By that response, plaintiff was informed his property was received at the Smith Unit from the Clements Unit on February 12, 2009 and that his radio had been confiscated on October 26, 2008, the day of the major shakedown at the Clements Unit, because the wiring hade been tampered with.

Plaintiff was also informed there were no photos of his at the Clements Unit property room and defendant INGLE stated that pictures are placed in an envelope and placed in the box with the rest of the property when shipped.  That statement is not a statement that plaintiff's pictures were ever seen or handled by INGLE; it is simply a description of the procedure for shipping inmate pictures.

Further, although plaintiff does not include it in his statement of facts, the response to Step 2 grievance no. 2009127352, attached to plaintiff's complaint, contains plaintiff's allegation that he received some of the missing legal papers on May 22, 2009.

The only fact connecting defendant MAES with the missing property is that she initially confiscated some of it, along with other property of plaintiff's.  Plaintiff alleges no fact which shows she was responsible for either the loss or destruction of any of his property.  The situation with defendant WHEAT is similar.  He simply picked up plaintiff's property bag containing, among other things, plaintiff's photographs and recent legal work the night before plaintiff's transfer.  As to defendant INGLE, he appears tor have conducted a search of the Clements Unit property room and verified plaintiff's photographs were not there and to have given a statement describing the procedure for handling an inmate's photographs for shipping.

At any rate, there is no fact indicating the destruction or loss of plaintiff's family pictures, tennis shoes, freeworld eyeglasses, legal work, and wrist supports was anything other than a random, unauthorized act or the result of negligence.

As to a random, unauthorized deprivation, Texas provides an adequate post-deprivation remedy by way of a civil action in tort for conversion. *Murphy v. Collins,* 26 F.3d 541, 543-44 (holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). As to negligence, such an allegation does not state a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. *Id.*

Concerning plaintiff's radio, plaintiff was informed it had been confiscated on October 26, 2008, the day of the major shakedown at the Clements Unit. The Court notes that any item which has been altered from its original condition is considered contraband in the Texas prison system and, therefore, if plaintiff's radio was confiscated pursuant to policy, as the facts presented by plaintiff indicate, the confiscation did not violate his due process rights.

Thus, plaintiff's allegations fail to state a claim of constitutional dimension. Plaintiff's claims lack an arguable basis in law, and are frivolous.

Moreover, to the extent plaintiff is asserting independent claims against any defendant for failing to comply with procedures promulgated by the prison system, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), plaintiff has no "created liberty

interest of the regulations of Texas Department of Criminal Justice-Institutional Division". The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed by PAUL RAY JACKSON pursuant to Title 42, United States Code, section 1983 be DISMISSED AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of November 2009.

*/s/ Clinton E. Averitte*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).